■ FRANK DEUTSCHMANN, Appellant, v ARTHUR TRAMPOSCH et al., Respondents.—In an action, *inter alia,* for partition of certain parcels of improved land, plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County, entered October 25, 1977, as granted the defendants' motion to confirm the commissioners' report, dated May 12, 1977, insofar as it valued one of the parcels owned by the parties at $125,000 and held, in effect, that the plaintiff should pay the brokerage costs of selling this parcel. Judgment affirmed insofar as appealed from, with costs. The parties owned three parcels of improved land as tenants in common. They stipulated that there was to be a partition of the properties, with an adjustment to be made pursuant to section 943 of the Real Property Actions and Proceedings Law for any inequality in the partition. Three commissioners were appointed to make the partition and to report. They awarded parcel three, also known as the Heidelberg Eastern property, to the plaintiff. This property was improved by an industrial building which was leased by Heidelberg Eastern. The commissioners appointed Ralph M. Timpanaro of Helmsley-Spear, Inc., to appraise this property and the other two parcels. With respect to parcel three, Mr. Timpanaro employed the income flow method of appraisal because he assumed that the property would continue to be occupied by Heidelberg Eastern. Such was not the case. At the commissioners' hearing, he stated that if the property had been vacant and available for use by an owner-occupant, it would be worth $12 to $15 a square foot. The property consists of approximately 8,000 square feet. Therefore, using Mr. Timpanaro's square foot value, based upon vacancy, it would be worth up to $120,000. Subsequently, the parties agreed to sell parcel three to Henry Appel for $125,000. The commissioners held another hearing and concluded that the parcel should be valued at its actual sales price. Thereafter, plaintiff sought to confirm in part, and to annul in part, the determination of the commissioners. In particular, plaintiff sought to value parcel three at $82,600, the valuation given to it by Mr. Timpanaro under the income flow method of appraisal. The hearing evidence disclosed that Henry Appel paid $125,000 for this property because the main office of his fuel oil business was located nearby and because it would be economical for his business. The purchase price for land set in the course of an arm's length transaction between parties, if not explained away as abnormal, is evidence of the highest rank to determine the true value of property *(Plaza Hotel Assoc. v Wellington Assoc.,* 37 NY2d 273, 277). We conclude that the sales price of $125,000 paid for parcel three was reached in the course of an arm's length transaction. There was nothing abnormal about this sale. Accordingly, the commission-

ers properly valued this property at $125,000. We also find that the plaintiff should pay the brokerage costs of selling this property, since the proceeds of this sale were awarded to him by the commissioners. Rabin, J. P., Gulotta, Cohalan and Margett, JJ., concur.